UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

WILLANTHA COLLINS aka Willantha Collins Brandl
aka Willantha Collins Hardin,
LUDWIG BRANDL,

        Plaintiffs,

        v.                              Case No. 16-C-0217

BRIAN SHORE,
WM SPECIALTY MORTGAGE, LLC,
CODILIS AND ASSOCIATES,

        Defendants.

---

ORDER GRANTING MOTION TO DISMISS (DOC. 8), DENYING MOTION FOR CHANGE VENUE (DOC. 2), DENYING MOTION FOR EXTENSION OF TIME TO SERVE (DOC. 10), AND DISMISSING CASE

On February 24, 2016, Willantha Collins and Ludwig Brandl (apparently married) initiated this action against Brian Shore, whom the complaint and other documents in the file suggest is a judge; WM Specialty Mortgage, LLC, which the complaint and other documents in the file indicate successfully foreclosed on Collins and Brandl's property in Rockford, Illinois, in 2008; and Codilis and Associates, the law firm that represented WM Specialty in recent litigation in Winnebago County, Illinois, and obtained for WM Specialty an order for possession against Collins and Brandl after the two individuals refused to vacate the premises for seven years. Collins and Brandl's complaint is difficult to understand, but it appears that they contest the outcome of the foreclosure proceedings and dispute ownership of the property in Rockford, allege that Brandl was wrongfully arrested for trespassing on the property, and allege that police officers in Rockford, Illinois,

brought false charges against Brandl.  The complaint requests $10,000,000 in damages for wrongful imprisonment and loss of consortium.

Codilis and Associates (actual name Codilis & Associates P.C.) moves to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).  The law firm contends it lacks the minimum contacts necessary to satisfy the terms of Wisconsin's long-arm statute or the constitutional standard for personal jurisdiction.  The firm's founding attorney, Ernest Codilis, swears in an affidavit that the firm is an Illinois corporation with its principal place of business in Illinois, has no offices or employees or agents in Wisconsin, has not solicited business or practiced law in Wisconsin, and acted as WM Specialty's counsel in the Illinois state-court eviction action.  (Doc. 9 Ex. F.)  Collins and Brandl have not responded to the motion to dismiss.

A motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) places the burden on a plaintiff to make a prima facie showing of jurisdictional facts establishing personal jurisdiction.  *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). The court must accept well-pleaded facts in the complaint as true and draw reasonable inferences from those facts in plaintiff's favor.  *Id.*; *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002).  Affidavits may be accepted and weighed by the court in determining whether it has personal jurisdiction over a party.  *Nelson v. Park Indus.*, *Inc.* 717 F.2d 1120, 1123 (7th Cir. 1983).

A federal court sitting in diversity may exercise personal jurisdiction over a nonresident party only if a court in the same state would have jurisdiction.  *Id.*  In Wisconsin, this determination is made through a two-part inquiry.  *Giotis v. Apollo of the Ozarks, Inc.*, 800 F.2d 660, 665 (7th Cir. 1986).  First, the court assesses whether the

2

plaintiff demonstrated that the nonresident party is subject to jurisdiction under a relevant long-arm statute (here, Wis. Stat. § 801.05), and second whether the exercise of jurisdiction would violate the defendant's due process rights. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 779 (7th Cir. 2003); *Kopke v. A. Hartrodt S.R.L.*, 2001 WI 99, ¶ 8, 245 Wis. 2d 396, ¶ 8, 629 N.W.2d 662, ¶ 8.

Wisconsin's long-arm statute "is to be liberally construed in favor of exercising jurisdiction." *Kopke*, 2001 WI 99, ¶ 21. As pertinent here, the long-arm statute provides that a Wisconsin court has jurisdiction over a person against a corporate defendant that is domiciled or incorporated in Wisconsin or is engaged in "substantial and not isolated activities" within the state; causes injury by an act or omission occurring within Wisconsin; causes injury to a person within Wisconsin by an act even outside the state *if* the defendant carried on solicitation or service activities in Wisconsin or products manufactured by the defendant were used in Wisconsin; or is involved in providing or receiving local services, goods or contracts. Wis. Stat. § 801.05. Personal jurisdiction also may exist if the defendant is involved in Wisconsin real estate or tangible property, Wisconsin taxes, or insurance. *Id.*

Additionally, for the court to exercise personal jurisdiction over an out-of-state defendant, that party must have established "sufficient minimum contacts" with the forum state such that the exercise of jurisdiction does not offend notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-76, 105 S. Ct. 2174 (1985). Jurisdiction must be based on the extent and nature of defendant's contact with the forum state and be substantial enough that defendant should reasonably anticipate being haled into court there. *Walden v. Fiore*, 571 U.S. \_\_\_. 134 S. Ct. 1115,

3

1122 (2014); *Burger King*, 471 U.S. at 474. There must be "'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Burger King*, 471 U.S. at 475 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228 (1958)). And the act cannot be a result of "random," "fortuitous," or "isolated" contacts. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774, 104 S. Ct. 1473 (1984).

There are two types of personal jurisdiction over an out-of-state defendant: general jurisdiction, which can be established by "continuous and systematic" contacts with the forum state; or specific jurisdiction arising from a particular relationship between a party's contacts with the forum state and the lawsuit at hand. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414–15 & nn.8–9, 104 S. Ct. 1868 (1984); *Burger King,* 471 U.S. at 475 ("Jurisdiction is proper . . . where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State." (internal citation omitted)).

Here, none of the requirements of § 801.05 or due process are met. According to the complaint, all three defendants are being sued for actions taken in Illinois when Collins and Brandl were located in the state or in connection with Illinois litigation over title to or possession of Illinois property. The only tie to Wisconsin that can be gleaned from the file is that Collins and Brandl have moved to Milwaukee since their eviction. Codilis & Associates' representation of WM Specialty in a civil case against Collins and Brandl in an Illinois state court regarding possession of Illinois real estate unquestionably fails to provide any basis for a Wisconsin court to exercise personal jurisdiction over the law firm. The record reveals no ties to Wisconsin in the Collins/Brandl case or any other case.

4

Collins and Brandl have failed to object to the law firm's motion. And in their "Motion for Change of Venue" they implicitly acknowledge that this case does not belong in Wisconsin. The motion does not request transfer *from* this court to some other court. Instead, it seeks the court's approval of the filing in the Eastern District of Wisconsin rather than in Illinois. According to the plaintiffs, "the *Al Caponeism* air within [Illinois] is of a growing nature" and Illinois state actors, judges, law firms, and officers of the court have denied the plaintiffs of their right to due process. (Doc. 2 at 1 (all-capital text modified).) Say the plaintiffs: "Illinois is known for its history of corruption within the government." (*Id.* at 4 (all-capital text modified).) Plaintiffs contend that Collins is subject to a probate case in Milwaukee County and that WM Specialty transacts interstate business. (Doc. 2 at 3.) But those assertions are not enough to bring Codilis & Associates before this court. Therefore, the law firm's motion will be granted and the plaintiffs' motion for change of venue will be denied.

Federal Rule of Civil Procedure 4(m) provides that a plaintiff must serve a defendant within ninety days after filing the complaint. Thus, the time for service expired on May 25, 2016. However, on April 25, 2016, Collins and Brandl filed a motion for extension of time to serve WM Specialty and Shore. The plaintiffs submit that a first attempt at serving Shore was unsuccessful and a "second attempt is now in operation." (Doc. 10 at 1.) Similarly, service on WM Specialty "was implemented and unsuccessful." (*Id.*) However, plaintiff's provide no further detail on how hard they tried to serve these two parties.

Regardless of the service issue, the case will be dismissed. Title 28 U.S.C. § 1915(e)(2)(B) permits the court to dismiss a case if it seeks monetary relief against a defendant who is immune from such relief. The complaint is light on facts regarding

5

Shore's involvement in any proceedings with the plaintiffs. It appears that Shore may have been a judge involved in proceedings regarding Chase Bank or an indictment against Brandl. (*See* Doc. 1 at 4.) According to the complaint, Judge Shore issued an order that Brandl not return to the real property at issue. (Doc. 1 at 8.) (The February 8, 2106 Order for Possession appears signed by a judge with the initials R.B. (Doc. 9 Ex. E.) But whatever proceedings Shore was involved in, the scant allegations against him indicate that he was a judge in the proceedings. (*See also* Doc. 2 at 1 (identifying Shore in the caption as "JUDGE SHORE").) "Absolute judicial immunity shields judicial and quasi-judicial actors from liability for civil damages arising out of the performance of their judicial functions." *Killinger v. Johnson*, 389 F.3d 765, 770 (7th Cir. 2004). Shore cannot be sue for decisions he made as judge.

Additionally, § 1915(e)(2)(B) permits the court to dismiss the case if it fails to state a claim on which relief. To state a claim, the complaint must describe the claim in sufficient detail to give a defendant fair notice of the claim and the grounds on which it rests. *See EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). Although specific facts are not necessary, "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under [Fed. R. Civ. P.] 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). Second, the complaint must set forth a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007). The "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads

6

itself out of court." *EEOC*, 496 F.3d at 776 (citing *Bell Atl. Corp.*, 550 U.S. at 555-56, 569 n.14 (2007)). The court must construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in the plaintiff's favor. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

The complaint sets forth no viable claim against WM Specialty. WM Specialty's alleged wrong appears to be that it foreclosed on the plaintiffs' mortgage and obtained title to the mortgaged property. But the results of the Illinois state-court foreclosure and eviction actions cannot be challenged in this court due to the *Rooker-Feldman* doctrine. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Pursuant to this doctrine, lower federal courts lack subject matter jurisdiction to review state court decisions; only the Supreme Court has appellate jurisdiction to reverse or modify a state court judgment. *Iqbal v. Patel*, 780 F.3d 728, 729 (7th Cir. 2015). District courts have no jurisdiction over "challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 596 (7th Cir. 1992). So plaintiffs cannot avoid the Illinois state-court decisions. And to the extent that the plaintiffs allege wrongful arrest, WM Specialty appears to have had no involvement in Brandl's arrest. The complaint describes activity by someone at Chase Bank and by the police officers, but not WM Specialty. There is nothing in the complaint describing the involvement in Brandl's arrest by WM Specialty and thereby no plausible claim has been stated.[1]

---

[1] The court notes that even if these claims concerning Illinois litigation and Illinois real property continued, plaintiffs likely suffer from the same personal-jurisdiction problems regarding WM Specialty as they do regarding Codilis & Associates.

7

For all of these reasons,

IT IS ORDERED that the motion of Codilis & Associates to dismiss (Doc. 8) is granted.

IT IS FURTHER ORDERED that plaintiffs' motion for change of venue (Doc. 2) is denied.

IT IS FURTHER ORDERED that plaintiffs' motion for extension of time to serve Shore and WM Specialty (Doc. 10) is denied.

IT IS FURTHER ORDERED that this case is dismissed.

Dated at Milwaukee, Wisconsin, this 16th day of June, 2016.

>BY THE COURT
>
>/s/ C.N. Clevert, Jr.
>C.N. CLEVERT, JR.
>U.S. DISTRICT JUDGE